UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20141-CR-KING

UNITED STATES OF AMERICA

vs.

VICTOR ROJAS,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Victor Rojas (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1, which charges him with conspiracy to knowingly conduct financial transactions affecting foreign commerce, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(h).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence

under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to three (3) years.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 and may order forfeiture.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the Defendant be sentenced to seventy (70) months' imprisonment. This Office, however, will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

3

a.  Base Offense Level:  That pursuant to Section 2S1.1(a)(2), the Base Offense Level is 8 plus the number of offense levels from section 2B1.1 corresponding to the value of the laundered funds.  Based on a value of laundered funds in this case of over $1,500,000 there is a 16-level increase to the offense level, Section 2B1.1(b)(1)(I), resulting in a base offense level of 24.

b.  Specific Offense Characteristics:  That pursuant to Section 2S1.1(b)(1)(A) and 2S1.1(b)(1)(B)(i), the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical, increase by 6 levels.

c.  Money Laundering under Section 1956:  That pursuant to Sections 2S1.1(a)(1), there is a specific offense characteristic 2-level increase because the Defendant is convicted under 18 U.S.C. Section 1956.

d.  The parties agree that the 2-level enhancement for offenses involving sophisticated laundering under Section 2S1.1(b)(3) does not apply to the Defendant.

8.  The Government agrees that that Defendant should receive a two-level decrease as a minor participant in the criminal activity, pursuant to Section 3B1.2 of the Sentencing Guidelines.  The Government specifically agrees that the Defendant may advocate for a greater role reduction of a three-level or four-level decrease.  The Government agrees that the Defendant also remains free to advocate for a downward variance under 18 U.S.C. § 3553(a).

9.  Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the Defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 3742 and 1291 to

4

appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney.

10. Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to

warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that Defendant has provided substantial assistance and recommending that Defendant's sentence be reduced. Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce Defendant's sentence because of Defendant's cooperation.

13. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, [including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist

6

in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. The defendant also agrees to immediately forfeit to the United States all of the defendant's right, title and interest to any United States Currency, which constitutes property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

14.  The undersigned AUSA for the U.S. Attorney's Office for the Southern District of Florida agrees to recommend to the U.S. Attorney for the Southern District of Florida that the U.S. Attorney provide written approval of a Federal Rule of Criminal Procedure Rule 20 transfer of this criminal case to the United States District Court for the Southern District of New York.

15.  The U.S. Attorney's Office for the Southern District of Florida does not object to the sentence pronounced for this offense being run concurrent to any sentence pronounced in the offense charged in the Indictment captioned *United States v. Victor Rojas-Bascope*, S7 19 Cr. 91 in the United States District Court for the Southern District of New York which was returned by a grand jury there in February 2019.

[this space intentionally left blank]

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 12/9/19     By: _____
                       TIMOTHY J. ABRAHAM
                       ASSISTANT UNITED STATES ATTORNEY

Date: 10-16-19    By: _____
                       ANA DAVIDE
                       ATTORNEY FOR DEFENDANT

Date: 10-16-19    By: _____
                       VICTOR ROJAS
                       DEFENDANT

8