UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**　　　　　　　　　　CASE NO. 19-CR-20141-JLK-2

　　　　**Plaintiff,**

vs.

**VICTOR ROJAS,**

　　　　**Defendant,**
　　　　_____/

**DEFENDANT, VICTOR ROJAS'**
**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** the Defendant, **VICTOR ROJAS**, by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSI") [D.E. 66], and states as follows:

　　1.　　**Objection to Paragraph 21: "Role Assessment"**

The Defendant objects to paragraph 21 of the PSI insofar as it states, "For his participation, Victor Rojas is recommended to receive a two-level decrease as a minor participant in the conspiracy, pursuant to §3B1.2(b)."

Specifically, the Defendant takes the position that he should receive a four (4) level minimal role reduction, or in the least, a three (3) level intermediate mitigating role reduction.

First, it should be noted that paragraph 8 of the Plea Agreement provides,

> "The Government agrees that [the] Defendant should receive a two-level decrease as a minor participant in the criminal activity, pursuant to Section 3B1.2 of the Sentencing Guidelines. The Government specifically agrees that the Defendant may advocate for a greater role reduction of a three level or four level decrease. The Government agrees that the Defendant also remains free to advocate for downward variance under 18 U.S.C. §3553(a)."

Second, it should be noted that paragraph 5 of the Presentence Investigation Report acknowledges as follows:

> "The government agreed that the defendant should receive a two-level decrease as a minor participant in the criminal activity, pursuant to § 3B1.2(b), and that he may advocate for a greater role reduction of three or four levels, as well as for a downward variance under 18 U.S.C. § 3553(a)."

U.S.S.G. §3B1.2, Mitigating Role, provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by **4** levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by **2** levels.
In cases falling between (a) and (b), decrease by **3** levels.

As noted above, the Government already agrees that a mitigating role adjustment is appropriate for this Defendant. It is just the question of how much of a mitigating role should be applied. (It is important to note that Co-Defendant, Juan Rojas, who personally delivered money to the undercover officer on multiple occasions and had physical control over money, received a *minor role* adjustment. Defendant, Victor Rojas, did not have such face-to-face contact, nor did he have physical control over money, therefore this is another factor that should be considered in granting him a *minimal role* adjustment.)

Application Note 4 provides: Minimal Participant.—Subsection (a) applies to a defendant described in Application Note 3(A) who plays a minimal role in the criminal activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. It is submitted that this precisely describes this Defendant's role in the criminal activity.

In conducting the analysis as to where a defendant fits for a mitigating role adjustment Application Note 3(C) provides that it is a fact-based determination. Specifically, the determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the *totality of the circumstances* and involves a determination that is *heavily dependent upon the facts of the particular case*.

The commentary at U.S.S.G. §3B1.2, comment. (n.3(C)(i)-(v), lists five factors to be considered regarding mitigating role adjustments: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts, [and] (v) the degree to which the defendant stood to benefit from the criminal activity.

It is submitted that each of these factors weigh heavily in favor of granting the Defendant a minimal role adjustment.

Surely, the Defendant did not understand or have knowledge of the complete scope and structure of the money laundering activities of his brother, Ruben Dario Rojas Bascope, the leader/organizer of the money laundering activities who resided in Bolivia (Victor Rojas resided in New York); he certainly had no part in planning or organizing the criminal activity which was always directed by Ruben Dario Rojas Bascope; he did not exercise or influence any decision-making authority whatsoever, rather all decision-making was done by Ruben Dario Rojas Bascope; his role was narrowly limited, and he did not stand to profit to a degree commensurate with the

3

scope of the crime, rather he merely made $1,000 for each $100,000 that was wired through his accounts. By-and-large, Victor Rojas was simply a conduit through which his brother, Ruben, carried on his money laundering activities. Further, there is some question regarding precisely when, or at what point, Victor Rojas actually learned that the funds being laundered were in-fact the proceeds of controlled substance transactions.

It is respectfully submitted, that when the offense conduct of Victor Rojas is closely examined as set forth in the Presentence Investigation Report, he is plainly among the very least culpable of those individuals involved.

Therefore, this Defendant should receive a four (4) level minimal role reduction, or in the least, a three (3) level intermediate mitigating role reduction.

2. **Objection to Paragraph 29: "Adjustment for Role in the Offense"**

The Defendant objects to Paragraph 29 of the PSI insofar as it states, "The defendant was a minor participant in any criminal activity; therefore, the offense level is decreased by two levels, pursuant to §3B1.2(b)."

As discussed above in the objection to paragraph 21 of the PSI which is hereby incorporated by reference, this Defendant should receive a four (4) level minimal role reduction, or in the least, a three (3) level intermediate mitigating role reduction.

3. **Objection to Paragraph 31: "Adjusted Offense Level"**

The Defendant objects to Paragraph 31 of the PSI with regard to the assertion that the *adjusted offense level* should be 30.

Specifically, as discussed above, when a four (4) level minimal role reduction, or in the least, a three (3) level intermediate mitigating role reduction is applied, the result would be an *adjusted offense level* of 28, or 29, rather than 30.

4. **Objection to Paragraph 35: "Total Offense Level"**

The Defendant objects to Paragraph 35 of the PSI with regard to the assertion that the *total offense level* should be 27.

Specifically, when a four (4) level minimal role reduction, or in the least, a three (3) level intermediate mitigating role reduction is applied, and three (3) levels are deducted for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b), the result is a *total offense level* of 25, or 26, rather than 27.

5. **Objection to Paragraph 79: "Sent. Options - Guideline Provisions"**

The Defendant objects to Paragraph 79 of the PSI inasmuch as it reads, "Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range is 70 to 87 months."

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a total offense level of 25 and a criminal history category of I, the *advisory guideline imprisonment range* is **57 to 71 months**, or: Based on a total offense level of 26 and a criminal history category of I, the *advisory guideline imprisonment range* is **63 to 78**, before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

**WHEREFORE**, the Defendant, **VICTOR ROJAS**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

Ana M. Davide, Esq.
Florida Bar No. 875996
2929 SW 3rd Ave., Suite 420
Miami, Florida 33129
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail:  ana@anadavidelaw.com
(Counsel for Defendant, *Victor Rojas*.)

*/s/ Ana M. Davide*_____
Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Ana M. Davide, Esq.
Florida Bar No. 875996
2929 SW 3rd Ave., Suite 420
Miami, Florida 33129
Telephone: (305) 854-6100
Fax: (305) 854-6197
E-mail:  ana@anadavidelaw.com
(Counsel for Defendant, *Victor Rojas*.)

*/s/ Ana M. Davide*_____
Ana M. Davide, Esq.

## SERVICE LIST

**United States of America v. Victor Rojas**
**Case No. 19-CR-20141-JLK-2**
**United States District Court, Southern District of Florida**

Timothy J. Abraham, A.U.S.A.
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9438
Fax: (305) 536-7599
Email: Timothy.Abraham2@usdoj.gov

Daren Grove, A.U.S.A.
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tele: (954) 660-5774
Email: daren.grove@usdoj.gov

Ana Brzica
United States Probation Officer
United States Probation Office
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, 9th Floor South
Miami, Florida 33128
Telephone: (305) 523-5361
E-mail: ana_brzica@flsp.uscourts.gov