UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**  CASE NO. 19-CR-20141-JLK-2

  **Plaintiff,**

vs.

**VICTOR ROJAS,**

  **Defendant,**
_____/

**DEFENDANT, VICTOR ROJAS'
NOTICE OF FILING ADDITIONAL CORRESPONDENCE IN SUPPORT OF
DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE
PURSUANT TO THE TITLE 18 U.S.C. §3553(a) FACTORS**

  **COMES NOW** the Defendant, **VICTOR ROJAS**, by and through her undersigned counsel, and presents herewith, his Notice of Filing Additional Correspondence in Support of Defendant's Motion for a Downward Variance pursuant to the Title 18 U.S.C. §3553(a) Factors, and states as follows:

- Attached hereto is correspondence to the Court from James S. Cohen, M.D.

            Respectfully submitted,

            Ana M. Davide, Esq.
            Florida Bar No. 875996
            2929 SW 3rd Ave., Suite 420
            Miami, Florida 33129
            Telephone: (305) 854-6100
            Fax: (305) 854-6197
            E-mail: ana@anadavidelaw.com
            (Counsel for Defendant, *Victor Rojas*.)

            ***/s/ Ana M. Davide***_____
            Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Ana M. Davide, Esq.
        Florida Bar No. 875996
        2929 SW 3rd Ave., Suite 420
        Miami, Florida 33129
        Telephone: (305) 854-6100
        Fax: (305) 854-6197
        E-mail: ana@anadavidelaw.com
        (Counsel for Defendant, *Victor Rojas*.)

        */s/ Ana M. Davide*_____
        Ana M. Davide, Esq.

## SERVICE LIST
**United States of America v. Victor Rojas**
**Case No. 19-CR-20141-JLK-2**
**United States District Court, Southern District of Florida**

Timothy J. Abraham, A.U.S.A.
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9438
Fax: (305) 536-7599
Email: Timothy.Abraham2@usdoj.gov

Daren Grove, A.U.S.A.
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Tele: (954) 660-5774
Email: daren.grove@usdoj.gov

Ana Brzica
United States Probation Officer
United States Probation Office
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, 9th Floor South
Miami, Florida 33128
Telephone: (305) 523-5361
E-mail: ana_brzica@flsp.uscourts.gov

431 Lewelen Circle
Englewood, NJ 07631
August 13, 2020

Judge James Lawrence King
Southern District of Florida
Case: 1-19-cr-20141-JLK
Defendant: Victor Rojas Bascope
Via Email: King@flsd.uscourts.gov

Dear Judge King,       Re: Sentencing Hearing of August 17, 2020

I was asked by the defendant as well as some of his family members to make a statement for you to consider when passing sentence.

I am aware that the court asks that letters such as this one be submitted two weeks prior to sentencing date.   My efforts to meet this deadline were severely interrupted by a severe and prolonged power outage (storm Isaiah) as well as recent duties taking care of my 94 year mother.  Now that time is short I am submitting this letter directly to you via email.   As well, I am copying this letter to Timothy Abraham (Timothy.Abraham2@usdoj.gov) as well as Ana Davide, Esq. (ana@anadavidelaw.com)

I met Victor Rojas in August of 2008 after having met his wife, Norma, a few days before at the Englewood Farmers market.   We became friends.  In 2012 and in several subsequent years I travelled to Santa Cruz, Bolivia and met many of Victor's relatives including his mother, two sisters and two brothers, one of whom is Ruben Rojas - a codefendant and fugitive in this case.  I have read all the publically available filings at the PACER website.  I learned of Victor's incarceration and troubles for the first time in May of 2019 from his sister, while I was in Santa Cruz.

My own background may shine some perspective and hopefully credibility in my words here.  I am a retired Emergency Physician.  I graduated Yale University, Baylor College of Medicine (Houston, Texas), completed Residencies in both Internal Medicine and Emergency Medicine and subsequently became board certified in both specialties.  From 1998 to 2000 I served as the Secretary/Treasurer of the American Academy of Emergency Medicine, AAEM.  I am one of the Associate Editors of Principals and Practice of Emergency Medicine, IV Edition.  I am the recipient of the James Keaney Award from the AAEM.  On September 11 and September 12, 2001 I was present at the site of the destroyed World Trade Center where I searched for surviving victims amidst the still burning buildings and intense toxic fumes.  On September 11 I was made the medical director of the field hospital rapidly set up at the Chelsea Piers in Manhattan.  I departed that location at approximately 8 p.m. and travelled to the WTC where I worked until the following morning.  This is all documented in an article I wrote for Emergency Medicine News, published in November of 2001.

My residency in Emergency Medicine was at Lincoln Hospital in the South Bronx from 1990 to 1993 which was the height of the gang drug wars. I treated dozens if not hundreds of drug dealers and their victims for major trauma - usually being stabbed or shot. On one occasion I performed an emergency C-Section on an approximately 7 month pregnant woman who had been shot in the chest. She died. The newborn survived. So, well beyond exposure to TV news reports and newspaper readings I am personally familiar with the devastation caused not only by the use of illicit drugs but also the effects of the drug trade itself on its many victims.

I have read the previously submitted statements of Victor's many family members and can confirm that they are not hyperbolic but represent the truth in every way. Until his present difficulties Victor was a model citizen. In contradistinction, his brother Ruben is the exact opposite. On multiple occasions Ruben was entrusted with the hard earned savings of his siblings to make real estate investments on their behalf (legitimate ones, not money laundering) but instead ran off with the money. I do believe that for the right price Ruben would sell his own mother. In a way, he's already done this with his brothers Victor and Juan.

I've read the detailed arguments by Timothy Abraham, U.S. Attorney and Anna Davide, Esq. Defense Counsel with regard to the matter of whether Victor's involvement was greater or lesser than that of his already sentenced brother Juan (46 months). In this regard and with thanks to Judge Guido Calabresi whose course I took at Yale Law School while I myself was an undergraduate, I will comment on one particular of the present proceedings. In Government's Response to Defendant's Objections to Presentence Investigation Report, entered into the docket 4-17-2020, page 2 is stated, "Victor Rojas confessed post Miranda to understanding during the criminal conspiracy that the money he was sending was in fact from drug trafficking." In contrast, on page 3 it is stated that Juan Rojas did not agree to knowing the money he transported or wired was from drug trafficking. Using these statements, the Government argues, inter alia, that this makes Victor more culpable than Juan and therefore subject to a longer, not shorter, sentence. It defies all reason to think that Juan could have physically transported as well as wired well over one million USD on behalf of his cheating dishonest brother and not known that the funds were illegitimately acquired. Similarly, given that Victor and Juan were certainly in frequent communication, it begs all credibility to believe that one brother (Victor) was aware but the other (Juan) was not. And, finally, with specific regard to the issue of culpability and given that the government generally looks positively upon defendants who show contrition and admit guilt (as evidenced here by the fact that Victor admitted his awareness of the scheme (being truthful) but his brother Juan did not (almost certainly lying)), this should be looked upon favorably by this court. In effect, the Government argues that the truth teller should be punished and the liar rewarded. Furthermore, the Government argues that Victor took less risk that Juan because Victor only engaged in wire transfers while Juan dealt largely in cash. I disagree with this logic because bank transfers and bank accounts are traceable whereas cash much less so. All in all, Victor and Juan committed these schemes together and notwithstanding the multitude of details about amounts, methods of conveyance, knowledge aforethought, etc. it seems to me that they were pari passu one with the other and consequently it would be unjust to give Victor a greater sentence than his brother Juan and I would beg this court to agree.

I understand that the reasons for incarceration are threefold: 1. Protect the public 2. Rehabilitation 3. Punishment.  Given that Victor will be deported following service of his sentence #1 does not apply.  Given that due to Covid-19 there have been and are unlikely to be rehabilitation programs #2 does not apply.  So, only #3 applies.  Since, due to Covid-19, Victor is in near solitary confinement and since this represents 'harder' time, extra credit should be given for the months so served as well as the ensuing months that will be similarly served.  I would also argue that Victor's eventual deportation in itself is a punishment given that this will permanently separate him from his two U.S. citizen daughters.   U.S. citizens released from prison are not subject to such punishment.  This should be taken into account.

As an Emergency Physician I was in the business of saving lives and while this 'case' is totally different from any I've seen I'd hope that this letter will do some good for Victor, his family and even for society at large.

Sincerely,

James S. Cohen MD
NPI #1598926180
DEA # BC3677905